**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEVIN ZIMMERMAN,                )        Case No. 2:17-cv-01430-GMN-GWF
                                )
        Plaintiff,       )
                                )
vs.                             )        **REPORT & RECOMMENDATION**
                                )
CK PARCELS, LLC,                )
                                )
        Defendant.      )
_____ )

      Plaintiff's Complaint (ECF No. 1) was filed on May 19, 2017. Therefore, the time limit for service on Defendant was August 17, 2017. On August 23, 2017, the Court filed a Notice of Intent to Dismiss Pursuant to Rule 4(m) for Plaintiff's failure to provide proof of service on Defendant. *See* ECF No. 7. The Court gave Plaintiff until September 22, 2017 to file a proof of service and demonstrate that Defendant was served prior to the expiration of the 90-day time limit set forth in Fed. R. Civ. P. 4(m). *Id.* Plaintiff was cautioned that failure to comply with the Court's notice could result in a dismissal of the action. *Id.* Rather than file a proof of service, Plaintiff filed a Motion to Extend Time for Service. *See* ECF No. 8. The Court denied Plaintiff's motion, without prejudice, on September 8, 2017 because Plaintiff did not adequately demonstrate whether good cause existed to grant the requested extension. *Order* (ECF No. 9). To date, Plaintiff has not filed a renewed motion for extension of time or filed a proof of service with the Court. Therefore, it appears that Plaintiff has abandoned this lawsuit. Accordingly,

. . .

. . .

. . .

. . .

**IT IS HEREBY RECOMMENDED** that this case be **dismissed** without prejudice for Plaintiff's failure to prosecute.

DATED this 12th day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).